**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2320

STATE FARM LIFE INSURANCE COMPANY,

Plaintiff ,

v.

ABIGAIL ROGERS; WILFRED ROGERS,

Defendants - Appellants,

v.

JOSEPH KIMPSON,

Defendant - Appellee,

PALMER MEMORIAL CHAPEL, INC.; AMERICAN FUNERAL FINANCIAL, LLC,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:20-cv-02627-JFA)

Submitted:  October 4, 2022                    Decided:  November 16, 2022

Before THACKER, HARRIS and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Thomas E. Lydon, MCANGUS, GOUDELOCK & COURIE, LLC, Columbia, South Carolina, for Appellants. Spencer Andrew Syrett, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March of 1990, Shellie Rogers-Kimpson ("Shellie") purchased a life insurance policy ("Policy") through State Farm Life Insurance Company ("State Farm") naming her children from a previous marriage -- Abigail Rogers and Wilfred Rogers ("Appellants") -- the primary and successor beneficiaries. On June 14, 1991, Shellie and Joseph Kimpson (Appellee) executed an Antenuptial Agreement ("Agreement") designating marital and separate property. Per the Agreement, the Policy was identified as Shellie's separate property. On June 26, 1991, following Shellie's marriage to Appellee, Shellie signed two documents in connection with the Policy including a change of beneficiary form designating Appellee as her primary beneficiary. On May 14, 2020, Shellie died.

On July 15, 2020, State Farm filed an interpleader action in the District of South Carolina to ensure the proceeds of the Policy were distributed appropriately. Through Consent Order, State Farm received permission to deposit the life insurance funds with the court. State Farm was subsequently dismissed, and the parties filed cross-motions for summary judgment. Appellants argued that designation of Appellee as the beneficiary of Shellie's Policy constituted a violation of -- or failed amendment to -- the Agreement, as the Policy had been designated Shellie's separate property. Appellee argued that an insurance policy is a contract between the insured and the insurer and that designating a beneficiary does not constitute a transfer in ownership of the policy. The district court granted summary judgment to Appellee, and simultaneously denied Appellant's summary judgment motion. We affirm.

3

We review the district court's grant of summary judgment de novo. *Nautilus Ins. Co., v. GC & P Dev. LLC*, 848 F. App'x 130, 131 (4th Cir. 2021). Where both parties move for summary judgment, we review each motion separately resolving "all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Defenders of Wildlife v. North Carolina Dep't of Transp.*, 762 F.3d 374, 392 (4th Cir. 2014) (*quoting Rossignol v. Voorhaar*, 316 F.3d, 516, 523 (4th Cir. 2003)).

Here, the district court did not err in granting summary judgment to Appellee. First, Shellie did not transfer ownership of the Policy to Appellee by simply designating him as the beneficiary. Thus, there was no modification of the Agreement, nor any transfer pursuant to -- or in violation of -- the Agreement. Appellee was properly designated as the beneficiary of Shellie's Policy and Appellee is entitled to its proceeds.

Second, even assuming Shellie transferred ownership of her policy to Appellee, the Agreement permitted such transfer. The Agreement clearly states, "[n]othing herein shall be construed as preventing either of the parties from giving any of his or her property or estate to the other by deed, gift, will or otherwise." J.A. 57, ¶ 4*. Thus, in changing her beneficiary designation, Shellie was not modifying the Agreement -- she was complying with it. She "otherwise" gave "her property . . . to the other." J.A. 57.

Therefore, we affirm the district court's grant of summary judgment to Appellee concomitantly affirming denial of Appellants' summary judgment motion.

---

\* Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

*AFFIRMED*